IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    ANDREW E. GAY                                              CHAPTER 11
          Debtor                                            CASE NO. 20-00806-NPO

# PLAN OF REORGANIZATION

Unless otherwise defined, the capitalized terms contained in this Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

## ARTICLE I

### Classification and Treatment of Claims and Interests

The Plan divides the Claims against and Interests in the Debtor into various Classes pursuant to Bankruptcy Code Section 1122. Set forth below is a description of the general Classes of Claims against and Interests in the Debtor and their treatment under the Plan. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent that the Claim or Interest qualifies within the description of that different Class.

The Debtor classifies Claims in the following Classes:

   Class 1:    Administrative Claims

   Class 2:    Priority Claims

   Class 3:    Secured Claims of Bank of America ("Bank of America")

**Class 4:** Secured Claims of Community Bank ("Community") secured by 5227 Kaywood Drive and a vehicle

**Class 5:** General, Unsecured Claims

**Class 6:** Equity Interests

## ARTICLE II

## TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article I shall be satisfied as follows:

**Class 1:** Administrative Claims

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:** Priority Claims

Priority claims, if any, including the claims of the Internal Revenue Service (the "IRS") will be paid in equal monthly installments within sixty (60) months from the Effective Date with the interest rates as provided by statute upon those claims.

**Class 3:** **Secured Claims of Bank of America ("Bank of America")**

Bank of America is secured by a 2016 BMW 420i, and the collateral is worth approximately $10,000.

In order to satisfy this indebtedness, the Debtor will continue with his contractual monthly installments to Bank of America and will extend the length of the existing obligation by the number of months he is in default, if any.

The secured claims of Bank of America are impaired as a result.

**Class 4:** **Secured Claims of Community Bank ("Community") secured by 5227 Kaywood Drive and a vehicle**

Community is secured by a first mortgage on 5227 Kaywood Drive, Jackson, MS, and a vehicle, and the collateral is worth approximately the amount of the debt.

As previously noted, Community's secured claims have been resolved after entry of the sale order (Exhibit "B" to the Disclosure Statement) and the entry of the Agreed Order (Exhibit "C" to the Disclosure Statement) restructuring the indebtedness of Community for not only the life of the Plan but for the life of the loan. The terms and conditions of Exhibit "C" to the Disclosure Statement are incorporated here as the treatment of the secured claims of Community.

Class 4 is an impaired class.

**Class 5:** **General, Unsecured Claims**

The Debtor will devote his projected disposable income for the 60 month life of the Plan for the payment of unsecured creditors on a pro rata basis.

**Class 6:** **Equity Interests**

The Debtor will retain ownership of his assets.

## ARTICLE III

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, each pre-petition executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation with the approval of the Court shall be deemed rejected. Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor. All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 5) under the Plan. All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

## ARTICLE IV

## CLOSING DATE

The Closing Date shall be the Effective Date. The Effective Date of the Plan shall be sixty (60) days after the Order confirming the Plan becomes final and non-appealable.

## ARTICLE V

## MEANS FOR EXECUTION OF THE PLAN

The means for execution of the Plan in this case are reasonably straightforward and simple: so long as Debtor is able to maintain his current good physical and medical conditions, he will earn, based upon his reputation and expertise as an accountant, sufficient funds to pay not only living expenses, but also to pay the secured claims of various creditors, administrative expense claims and fund a distribution to creditors under the Plan.

## ARTICLE VI

## RATIFICATION OF THE PLAN

Alterations or modifications of the Plan may be approved by the Court without notice to Creditors if the Court finds that such alterations or modifications do not materially or adversely affect the interests of the Creditors. If any alterations or modifications of the Plan are proposed which Court finds to materially or adversely effect the interest of Creditors, notice and description of such alteration of modification shall be given to all Creditors adversely affected.

## ARTICLE VII

## INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect. The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall release the Debtor, and all persons, corporations or other entities who may be liable to any creditor in this case for debts of the Debtor from all claims that arose prior to Confirmation. The distributions provide under the Plan shall be in exchange for and in complete satisfaction and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or its assets or properties, or against any other person, corporation or entity who may be liable to any creditor in this case for debts of the Debtor.

## ARTICLE VIII

## REVESTING OF PROPERTY

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date. Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE IX

## UNITED STATES TRUSTEE'S FEES

The Debtor shall timely pay to the United States Trustee any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall timely submit to the United States Trustee post-confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

## ARTICLE X

## JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the Plan has been fully consummated including, but not limited to, the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the Debtor's estate and determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the Confirmation date, between the Debtor and any party, including, but not limited to, the right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

3. Enforcement, modification or interpretation of the terms and the conditions of the Plan to the extent of appropriate under the Bankruptcy Rules and Title 11 of the United States Code.

4. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers as the Court may deem necessary.

5. Entry of an Order concluding and terminating this Case upon completion of this provisions.

6. The Court will retain jurisdiction, through the Effective Date of the Plan, with respect to the filing of the Debtor's final accounting and a motion to close the case for administrative purposes.

7. Upon completion of all Plan payments, the Debtor will seek to obtain a discharge, upon the reopening (if necessary) without the necessity of paying a filing fee to the Clerk of the Court since he will only be reopening the case for the sole purpose of obtaining a discharge and since his "estate" will have been exhausted with the last payment under the Plan at the end of the 60th month from the Effective Date.

THIS, the 2d day of July, 2020.

Respectfully submitted,

ANDREW E. GAY

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Gay, Andrew E\Plan, DS\Plan.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

THIS, the ____ day of July, 2020.

_____
Craig M. Geno